FILED
2013 JAN 28 PM 4: 28
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE RAPP,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE WELK RESORT, the d/b/a of WELK RESORT GROUP, INC.; WELK RESORT PROPERTIES, INC.; WELK HOSPITALITY MANAGEMENT, INC.; WELK RESORTS PLATINUM OWNERS ASSOCIATION, INC.; WELK RESORTS MOUNTAIN VILLAS VACATION OWNERS ASSOCIATION, INC.; and THE VILLAS AT THE WELK RESORT VACATION OWNERS ASSOCIATION, INC.,<br><br>Defendants. | CASE NO. 12-CV-01247 BEN (WMc)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Docket No. 16] |

Presently before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses under Federal Rule of Civil Procedure 12(f). (Docket No. 16.) For the reasons stated below, the motion is **GRANTED IN PART**.

## BACKGROUND

On May 23, 2012, Plaintiff Julie Rapp ("Plaintiff") filed a Complaint against Defendants Lawrence Welk Resort, the d/b/a of Welk Resort Group, Inc., Welk Resort Properties, Inc., Welk Hospitality Management, Inc., Welk Resorts Platinum Owners Association, Inc., Welk Resorts

- 1 -

12cv01247

1  Mountain Villas Vacation Owners Association, Inc., and the Villas at the Welk Resort Vacation
2  Owners Association, Inc. (collectively "Defendants").

3       According to the Complaint, Plaintiff is paralyzed on the left side of her body and requires the
4  use of a four-legged walker and a wheelchair. (Compl. ¶ 4.) Despite limitations in her mobility,
5  Plaintiff enjoys visiting Southern California regularly to vacation and reconnect with family and
6  friends. *Id.*

7       Welk Resort is a 600-acre luxury timeshare and vacation rental property located at 8860
8  Lawrence Welk Drive, Escondido, California 92026. (*Id.* ¶ 1.) The resort consists of three vacation
9  sub-developments, two golf courses, multiple swimming pools and outdoor recreation areas,
10 restaurants, a full-service spa, and a theater. (*Id.* ¶¶ 1-2.)

11      In or around 2008, Plaintiff and her husband purchased a Welk Resort Platinum Program
12 timeshare membership to have a "home base" while vacationing in Southern California. (*Id.* ¶ 3.)
13 Plaintiff was assured she would be given wheelchair-accessible guest suites. *Id.* Plaintiff booked two
14 one-week visits with Welk Resort. One in June 2009 and one in October 2011. (*Id.* ¶¶ 19, 22.) Each
15 time she was given a guest room that, while designated as "wheelchair accessible," had many access
16 barriers. (*Id.* ¶¶ 20-21, 24.) Plaintiff also encountered accessibility barriers throughout the resort,
17 including, but not limited to, inaccessible parking, inaccessible paths of travel, barriers at the pools,
18 recreation areas, restaurants, and the theater. (*Id.* ¶¶ 26-28.) Plaintiff has been unable to reserve an
19 accessible guest room due to Welk Resort's stated policy that accessible guest rooms are guaranteed
20 only to timeshare members who pay significantly more to upgrade their memberships. (*Id.* ¶ 21.)

21      Plaintiff alleges that Defendants violated Title III of the Americans with Disabilities Act
22 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California Health & Safety Code § 19955 *et seq.*, the Unruh Civil
23 Rights Act, Cal. Civ. Code § 51 *et seq.*, and California Disabled Persons Act, Cal. Civ. Code § 54 *et*
24 *seq.* Defendants filed an Amended Answer on July 18, 2012, raising twenty-five affirmative defenses.
25 On August 8, 2012, Plaintiff filed her present motion to strike Defendants' Second, Third, Fourth,
26 Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Seventeenth,
27 Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Fourth, and Twenty-Fifth
28 Affirmative Defenses on the basis that they are insufficiently pled or insufficient as a matter of law.

Being fully briefed, the Court finds the motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Motion to Strike

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). An affirmative defense is insufficient if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility*, LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), *rev'd and remanded sub nom. on other grounds*, *McArdle v. AT&T Mobility, LLC*, 474 F. App'x 515 (9th Cir. 2012). An immaterial affirmative defense is one that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Likewise, impertinent affirmative defenses "do not pertain, and are not necessary, to the issues in question." *Id.*

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted). Motions to strike are generally disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

#### B. Affirmative Defense Pleading

Plaintiff suggests that the *Twombly* and *Iqbal* pleading standard, (i.e., that a defendant must allege enough facts to state a claim that is "plausible on its face,") should apply to the pleading of affirmative defenses. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Wyshak*, the governing case on affirmative defense pleading in the Ninth

- 3 -                                                                                                                                 12cv01247

Circuit, was decided before *Twombly* and *Iqbal*. Since the Ninth Circuit has not revisited the issue, it remains an open question whether the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses in this Circuit.

Although district courts have split on this issue, recent decisions in the Southern District of California have applied the traditional fair notice pleading standard to affirmative defenses. *See Uriarte v. Schwarzenegger*, 06-CV-1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012); *Weddle v. Bayer AG Corp.*, 11-CV-817, 2012 WL 1019824, at *2 (S.D. Cal. Mar. 26, 2012); *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *Meas v. CVS Pharmacy, Inc.*, 11-CV-823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011).

Persuaded by these decisions, the Court concludes that the traditional fair notice standard applies to affirmative defenses. First, a Ninth Circuit panel referred to the fair notice standard of affirmative defense pleading in a case after *Twombly* and *Iqbal* were decided.[1] *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010). Second, holding affirmative defense pleading to the same heightened standard as claim pleading is often impractical and sometimes unrealistic, as "a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint," whereas a defendant has to investigate and prepare an answer within 21 days of service of the complaint or waive it. *Meas*, 2011 WL 2837432, at *3 (citing Fed. R. Civ. P. 12(a)(1)). From a judicial economy standpoint, applying the heightened pleading standard to affirmative defenses may "require the court to address multiple motions to amend the answer as discovery reveals additional defenses." *Id.*

Moreover, the Federal Rules of Civil Procedure lay out different pleading standards for claims for relief (Rule 8(a)(2)) and affirmative defenses (Rule 8(c)). While Rule 8(a)(2) requires a party to "state in short and plain terms its defenses," Rule 8(c) only requires one to "affirmatively state" any affirmative defenses. Fed. R. Civ. P. 8(a)(2), (c). Thus, the Supreme Court's analysis in *Twombly* and *Iqbal* appears to apply only to pleadings under Rule 8(a), and does not affect the pleading standard for

---

[1] Some district courts within the Ninth Circuit have declined to follow *Simmons* for the reason that the panel "did not have the issue of Rule 8 pleading standards squarely before it, and its citation appeared in a discussion focused on when, not how, to plead an affirmative defense." *Powertech Tech., Inc. v. Tessera, Inc.*, C-10-945, 2012 WL 1746848, at *4 n.1 (N.D. Cal. May 16, 2012) (quoting *Perez v. Gordon & Wong Law Grp., P.C.*, 11-CV-03323, 2012 WL 1029425, at *8 n.4 (N.D. Cal. Mar. 26, 2012). This Court considers *Simmons* persuasive authority.

affirmative defenses in Rule 8(c). *See Islands Rests.*, 280 F.R.D. at 566.

Under the fair notice standard, a defendant must "state the nature and grounds for the affirmative defense" in order to survive a motion to strike. *Uriarte*, 2012 WL 1622237, at *3. "What constitutes fair notice depends on the particular defense in question." *Vistan Corp. v. Fadei USA, Inc.*, C-10-4862, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 410 (3d ed. 2004). The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998).

## II. APPLICATION

### A. Second Affirmative Defense (Indispensable Party)

Defendants allege that "Plaintiff's alleged claims are barred . . . because of her failure to name an indispensable party or parties including . . . operators of independent facilities within the resort." (Answer 6.) Plaintiff contends that the affirmative defense should be stricken because Defendants fail to identify the indispensable parties and to affirm that the parties actually exist. (Pl.'s Mot. 4-5.) Plaintiff further contends that the affirmative defense is inapplicable to this case as a matter of law. (*Id.* 5.)

Failure to name a necessary party is a legally sufficient defense. Since Plaintiff seeks injunctive relief requiring Defendants to alter their facilities, it is important for the Court to consider whether the cooperation of third parties is required to provide such relief. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (criticizing the district court for its failure to consider whether the alleged indispensable party's cooperation is needed in order to provide the remedies in a Title III case). Since it is possible that Defendants may be able to prove that they need the cooperation of the independent facilities to alter the facilities complained of, the "indispensable party" defense is legally sufficient. The Court finds that Defendants provide fair notice of the defense, and **DENIES** Plaintiff's Motion to Strike as to Defendants' Second Affirmative Defense.

### B. Third Affirmative Defense (Effective Access)

Defendants allege that the features complained about provided "effective access" because "Plaintiff was able to access and use the feature at issue and/or because access was provided via alternative methods, including but not limited to . . . alternative paths of travel." (Answer 6.) Plaintiff contends that Defendants' conclusory statement should be stricken because individual features are not identified. (Pl.'s Mot. 6.) The Court agrees with Defendants that "effective access" is a legally sufficient defense under the ADA. *See* The 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG") 4.1.2[1] (requiring at least one accessible route to connect accessible buildings and facilities). According to the ADAAG, even if one route is inaccessible, Defendants are not liable under the ADA, if effective access is achieved via another route. The Court finds that Defendants provide fair notice of the nature and grounds of the defense.

Plaintiff further contends that the defense is inapplicable to the Unruh Civil Rights Act, which requires "full and equal access." (Pl.'s Mot. 6.) Defendants argue that effective access is relevant to determining statutory damages. Under the Unruh Act, Plaintiff is entitled to statutory damages only if she "experienced difficulty, discomfort, or embarrassment" as a result of personally encountering the ADA violation. Cal. Civ. Code § 55.56. Hence, if Plaintiff was able to achieve effective access without personally encountering any difficulties, she is not entitled to statutory damages under the Unruh Act. The affirmative defense is legally sufficient. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Third Affirmative Defense.

### C. Fourth Affirmative Defense (Unclean Hands)

In their Fourth Affirmative Defense, Defendants allege that the doctrine of unclean hands is applicable because Plaintiff made false and misleading accusations. (Answer 6.) Plaintiff contends that the defense must be stricken because Defendants allege no facts to support it. (Pl.'s Mot. 9.) Based on the fair notice standard, however, details of fact are not required in an affirmative defense. All that a defendant needs to allege is the nature and grounds of the defense. The Court finds that

---

[1] The ADAAG establishes standards and procedures for the implementation of title III of the ADA. *See* 42 U.S.C. § 12186(b); Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 56 Fed. Reg. 35544-01.

Defendants have provided fair notice, and **DENIES** Plaintiff's Motion to Strike as to Defendants' Fourth Affirmative Defense.

### D.     Fifth Affirmative Defense (Maximum Extent Feasible)

Defendants allege that Plaintiff's claims are barred because "any and all alterations to the facility were made to ensure that the facility would be readily accessible to the maximum extent feasible." (Answer 7.) Plaintiff contends that Defendants have to show whether the challenged facilities are altered. (Pl.'s Mot. 8-9.) The ADA imposes liability on defendants who fail to make alterations readily accessible to and usable by individuals with disabilities to the maximum extent feasible. 42 U.S.C.A. § 12183(a)(2). Thus, "maximum extent feasible" is a legally sufficient defense, and there is no need for Defendants to allege the details of alteration in their defense. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Fifth Affirmative Defense.

### E.     Sixth Affirmative Defense (Disproportionate Cost)

With regard to the Sixth Affirmative Defense, Defendants allege that Plaintiff's claims are barred because "the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any." (Answer 7.) The ADA exempts defendants from liability if "alterations to the path of travel . . . are [] disproportionate to the overall alterations in terms of cost and scope." 42 U.S.C.A. § 12183(a)(2). Thus, "disproportionality" is a legally sufficient defense. Furthermore, the paths of travel at issue are identified by the Complaint. The Court finds that Defendants' allegations provide fair notice and **DENIES** Plaintiff's Motion to Strike as to Defendants' Sixth Affirmative Defense.

### F.     Seventh Affirmative Defense (Alternative Methods)

Defendants allege that they accommodated Plaintiff's disability by providing access via alternative methods, including "providing alternative paths of travel and/or providing assistance to disabled patrons." (Answer 7.) This defense is legally sufficient. The ADA provides that "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable," making such accommodations available "through alternative methods if such methods are readily achievable" would

fulfill the requirement of the ADA. 42 U.S.C. § 12182(b)(2)(A)(v). Plaintiff contends that Defendants fail to carry their burden of proof. (Pl.'s Mot. 11.) However, at this stage of the litigation, Defendants do not have to persuade the Court that they are likely to prevail, but only to provide fair notice of the nature and grounds of the affirmative defense. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Seventh Affirmative Defense.

### G. Eighth Affirmative Defense (Not Readily Achievable)

Defendants allege that removal of architectural barriers "was not easily accomplishable and/or able to be carried out without much difficulty or expense; and/or because Defendants did not design or construct the features at issue." (Answer 7-8.) This defense is legally sufficient. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). By relying on authorities discussing the ultimate standard and burden of production for the defense, Plaintiff again confuses the standard of proof with the standard of pleading. (Pl.'s Mot. 17) (citing *Molski v. Foley Estates Vineyard & Winery, LLC*, 531 F.3d 1043, 1048 (9th Cir. 2008)). The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Eighth Affirmative Defense.

### H. Ninth Affirmative Defense (Fundamental Alteration)

Defendants allege that "any [] modifications would fundamentally alter the nature of such goods, services, facilities and accommodations . . . and therefore are not required by law, including but not limited to . . . modifications sought to Defendants' policies and procedures discussed in paras. 29-31 of the Complaint." (Answer 8.) Fundamental alteration is a legally sufficient affirmative defense. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 845 (9th Cir. 2004). Plaintiff contends that "Defendants do not explain which policies, practices and procedures could be modified and how their modification would cause a fundamental alteration of Defendants' services." (Pl.'s Mot. 12.) This is incorrect. Defendants expressly refer to their policies and procedures as those discussed in the Complaint in paragraphs 29-31. The Court finds that Defendants have provided fair notice, and **DENIES** Plaintiff's Motion to Strike as to Defendants' Ninth Affirmative Defense.

///

///

### I. Tenth Affirmative Defense (Reasonable Portion of Facility Accessible)

Defendants claim that they are not liable because "a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by disabled persons." (Answer 8.) The allegation appears to track the statutory provision of the California Health & Safety Code § 19956(b) (private funded multistory buildings do not require ramps or elevators "if a reasonable portion of all facilities and accommodations normally sought and used by the public in such a building are accessible to and usable by persons with disabilities"). However, Plaintiff stipulates that the defense is rooted in the ADA, and chooses to challenge the defense's factual sufficiency. (Pl.' Mot. 12.) At this stage of the litigation, the Court finds that Defendants have provided fair notice and **DENIES** Plaintiff's Motion to Strike as to Defendants' Tenth Affirmative Defense.

### J. Twelfth Affirmative Defense (Undue Burden)

Defendants agree to withdraw the defense.

### K. Thirteenth Affirmative Defense (Dimensional Tolerances)

Defendants allege that Plaintiff's alleged violations are based on minor deviations from the dimensional requirements. (Answer 9.) ADAAG 3.2 provides that "[a]ll dimensions are subject to conventional building industry tolerances for field conditions." Thus, dimensional tolerance may be a legally sufficient defense. Defendants are not required to carry their burden of proof at the pleading stage. By alleging "the features subject to this defense include the features that Plaintiff alleges do not meet dimensional requirements," Defendants have provided fair notice. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Thirteenth Affirmative Defense.

### L. Fourteenth Affirmative Defense (Good Faith Reliance Upon Local Building Authorities)

Plaintiff argues that the Fourteenth Affirmative Defense is not legally sufficient, because good faith reliance on local building authorities does not excuse a defendant's liability under the ADA. (Pl.'s Mot. 19.) However, Plaintiff also alleges state law claims, which are allegedly subject to this

defense. The Court therefore **DENIES** Plaintiff's Motion to Strike as to Defendants' Fourteenth Affirmative Defense.

### M. Fifteenth Affirmative Defense (Equivalent Facilitation)

Defendants allege that they "made available to Plaintiff . . . equivalent facilitation which provided full and equal access throughout the resort." (Answer 9.) It may be a legally sufficient defense that a private entity operating a fixed route system "ensures a level of service to individuals with disabilities, including individuals who use wheelchairs, equivalent to the level of service provided to individuals without disabilities." 42 U.S.C.A. § 12182(b)(2)(B)(ii). The Court finds that Defendants have provided fair notice of the defense, and **DENIES** Plaintiff's Motion to Strike as to Defendants' Fifteenth Affirmative Defense.

### N. Seventeenth Affirmative Defense (Structural Impracticability)

Quoting a commentary on a DOJ regulation, Plaintiff contends that the structural impracticability defense is only available to "claims for removing architectural barriers from newly constructed, private facilities that are constructed over marshland or water . . . ." (Pl.'s Mot. 18.) Contrary to Plaintiff's contention, the commentary provides that the defense can be applied "where unique characteristics of terrain prevent the incorporation of accessibility features and where providing accessibility would destroy the physical integrity of a facility." 28 C.F.R. § 36 app. C. Since "structural impracticability" does not apply solely to aquatic construction, it is a potential defense. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Seventeenth Affirmative Defense.

### O. Eighteenth Affirmative Defense (Mootness)

In their Eighteenth Affirmative Defense, Defendants argue that "Plaintiff's claims are barred under the doctrine of mootness because the barriers alleged by Plaintiff, if there were any, have been remediated." (Answer 10.) Plaintiff contends that the allegation does not give fair notice unless Defendants identify which barriers in the resort were remediated. (Pl.'s Mot. 14.) Defendants do not have to identify each individual barrier. Fair notice is given since they have alleged the basis for the mootness defense—the remediation of the alleged accessibility barriers. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Eighteenth Affirmative Defense.

### P. Nineteenth Affirmative Defense (Failure to Mitigate Damages)

In their Nineteenth Affirmative Defense, Defendants allege that Plaintiff failed to mitigate damages since she did not provide Defendants with fair notice of the alleged barriers in the resort or attempt to resolve the concerns informally prior to filing this lawsuit. (Answer 10.) Plaintiff contends that the defense is legally irrelevant and immaterial, because the ADA does not require pre-suit notice. (Pl.'s Mot. 20); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 844 (9th Cir. 2007). However, Defendants argue that Plaintiff has a duty to mitigate her damages and cannot "purposefully repeatedly encounter known barriers for the sole purpose of maximizing her damages." (Opp'n 22.) Defendants' accusation may prove to be untrue. However, at this early stage of the litigation, the defense pertains to the issue of damages. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Nineteenth Affirmative Defense.

### Q. Twentieth Affirmative Defense (Laches)

In their Twentieth Affirmative Defense, Defendants allege that Plaintiff's claims are barred due to laches because "Plaintiff unreasonably delayed in bringing this lawsuit." (Answer 10.) Plaintiff contends that to survive a motion to strike on laches, Defendants must prove every element of laches in their pleading. (Pl.'s Mot. 15-16.) The Court disagrees. The fair notice standard only requires the pleading to provide a plaintiff with fair notice of the nature and grounds of the affirmative defense, not to prove that the defendant will ultimately prevail. Further, it has been alleged in the Complaint when Plaintiff made her first visit to Welk Resort and when she initiated this lawsuit. *See, e.g.*, (Compl. ¶¶ 19-20, 22.) Plaintiff should have enough information to analyze the affirmative defense. The Court finds Defendants' allegation sufficient to provide fair notice of the defense, and **DENIES** Plaintiff's Motion to Strike as to Defendants' Twentieth Affirmative Defense.

### R. Twenty-First Affirmative Defense (Not Used to Provide Transient Lodging)

Defendants allege in their Twenty-First Affirmative Defense that "Plaintiff's claims are barred because she has an ownership interest in the facility and did not stay there as a guest." (Answer 10.) The ADA prohibits discrimination "on the basis of disability in . . . any place of public accommodation

...," which is defined as "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor." 42 U.S.C. §§ 12181, 12182(a). Plaintiff may be able to prove that Welk Resort falls under the ADA definition of "public accommodation" later in the proceeding. At the current stage of the litigation, however, Defendants have provided fair notice of the potential defense. The Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Twenty-First Affirmative Defense.

### S. Twenty-Second Affirmative Defense (Claims Bared by Purchase Contract)

Defendants allege in their Twenty-Second Affirmative Defense that "Plaintiff's claims are barred because all rights and obligations between the parties are governed by the purchase contract." (Answer 10.) Plaintiff contends that a private agreement does not supersede federal anti-discrimination laws, and Defendants fail to oppose the motion. (Pl.'s Mot. 20.) The Court **STRIKES** Defendants' Twenty-Second Affirmative Defense.

### T. Twenty-Third Affirmative Defense (Designed for Residential Use)

Defendants allege in their Twenty-Third Affirmative Defense that "Plaintiff's claims are barred to the extent that they relate to a dwelling designed for residential use." (Answer 11.) For the same reason stated in the Twenty-First Affirmative Defense, the Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Twenty-Third Affirmative Defense.

### U. Twenty-Fourth Affirmative Defense (Legitimate Business Purpose)

Defendants allege that their acts or omissions "were done in good faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions resulting in discrimination against disabled persons." (Answer 11.) Plaintiff argues that the defense must be stricken because the ADA does not require a showing of intentional discrimination. (Pl.'s Mot. 19.) Defendants counter that the affirmative defense is valid since Plaintiff seeks treble damages and special damages, which do require Defendants "[act] with fraud, oppression, or malice." (Opp'n 22) (citing Cal. Civ. Code § 3294). Accordingly, the Court **DENIES** Plaintiff's Motion to Strike as to Defendants' Twenty-Fourth Affirmative Defense.

V.     **Twenty-Fifth Affirmative Defense (Informal Dispute Resolution Clause)**

Defendants allege that "Plaintiff's claims are barred by the informal dispute resolution clause in her purchase contract." (Answer 11.) Plaintiff contends that a private agreement does not supersede federal anti-discrimination laws, and Defendants fail to oppose the motion. (Pl.'s Mot. 20.) The Court **STRIKES** Defendants' Twenty-Fifth Affirmative Defense.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Strike as to Defendants' Twenty-Second and Twenty-Fifth Defenses. The Court hereby **DENIES** Plaintiff's Motion to Strike as to Defendants' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Third, and Twenty-Fourth Defenses.

**IT IS SO ORDERED.**

DATED: January 28, 2013

HON. ROGER T. BENITEZ
United States District Judge