1
2          FILED
3      13 NOV 25  PM 3: 29
4      CLERK, U.S. DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
5
                          K Cm         DEPUTY
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**

10   JULIE RAPP,                          CASE NO. 12-cv-1247-BEN (WMC)

11                          Plaintiff,    **ORDER GRANTING IN PART**
                                          **MOTION SEEKING LEAVE TO**
12          vs.                           **FILE FIRST AMENDED**
                                          **COMPLAINT**
13   LAWRENCE WELK RESORT, the
     d/b/a/ of WELK RESORT GROUP,         [Docket No. 53]
14   INC.; WELK RESORT
     PROPERTIES, INC.; WELK
15   HOSPITALITY MANAGEMENT,
     INC.; WELK RESORTS PLATINUM
16   OWNERS ASSOCIATION, INC.; and
     THE VILLAS AT THE WELK
17   RESORT VACATION OWNERS
     ASSOCIATION, INC.,
18
                          Defendants.
19

20          Before this Court is Plaintiff Julie Rapp's Motion Seeking Leave to File First

21   Amended Complaint (Docket No. 53). After full consideration of the briefing and the

22   record in this matter, this court grants the Motion in part.

23   **I. BACKGROUND**

24          Plaintiff suffered a stroke in 1997 which paralyzed the left side of her body.

25   (Compl. ¶ 4). Plaintiff cannot independently stand or walk, and requires a walker or

26   wheelchair for mobility. (*Id.*) Around 2008, Plaintiff and her husband purchased a

27   timeshare at the Lawrence Welk Resort in Escondido, CA (Resort). (*Id.*) Plaintiff

28   claims she was assured when she bought the membership that she would be given

1  accessible rooms to accommodate her disability-related needs. (*Id.*) Plaintiff claims
2  that she has been given rooms that are designated as wheelchair accessible, but which
3  have access barriers. (*Id.* ¶ 5). She also claims to have encountered barriers in public
4  areas on the Resort grounds. (*Id.* ¶ 5). Plaintiff asserts that she was informed that all
5  rooms, including the wheelchair-accessible rooms, were reserved and assigned on a
6  "first come, first served basis." (*Id.* ¶ 22). Plaintiff claims that the Resort failed to
7  modify its policies and practices to ensure Plaintiff was not denied an accessible
8  guestroom based on "first come, first served policies," and the Resort required her to
9  pay extra money to upgrade her membership to be guaranteed an accessible room. (*Id.*
10  ¶ 29).

11      On May 23, 2012, Plaintiff filed a lawsuit against Defendants pursuant to Title
12  III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and
13  various California civil rights statutes. (Docket No. 1). Plaintiff alleged that
14  Defendants, who are owners, operators, lessors, and lessees of the Resort, violated the
15  statutes by (1) constructing or failing to remove architectural barriers to accessibility
16  in the Resort, and (2) imposing and failing to modify discriminatory policies on how
17  the accessible guest rooms are assigned to timeshare members. (*Id.*) Plaintiff sought
18  injunctive relief under the ADA, as well as damages, attorney's fees, and litigation
19  costs pursuant to the California civil rights statutes. (*Id.* at 26-27).

20  **II. PROCEDURAL HISTORY**

21      This action was assigned to the undersigned Court, and to the Hon. William
22  McCurine, Jr., United States Magistrate Judge. The parties conducted limited initial
23  discovery, consisting of two site inspections at the Resort. (Mot. at 2). The first
24  inspection covered the exterior public areas of the Resort. (*Id.*) The second inspection
25  covered accessible guest rooms with roll-in showers. (*Id.*) Each inspection took
26  multiple days, and Defendants' counsel attended the inspections. (*Id.*) The expert
27  generated two reports concerning accessibility barriers. (*Id.*)

28      Plaintiff used the reports to make two settlement demands for injunctive relief,

1  each of which specifies the barriers, their locations, and the codes Plaintiff believes
2  they violate. (*Id.* at 2-3). The first demand was made on November 27, 2012. (*Id.* at
3  2). After Defendants claimed the demand was insufficiently specific, Plaintiffs sent a
4  revised demand on March 12, 2013. (*Id.* at 2-3). The second demand, concerning the
5  barriers in accessible rooms with roll-in showers, was sent on May 13, 2013. (*Id.* at 3).
6  There had been no response as of the time briefing in this matter was filed. (*Id.*)

7      Plaintiff also sought to inspect accessible guest rooms that do not have roll-in
8  showers. The Magistrate Judge denied Plaintiff's request on April 30, 2013. (Order
9  (1) Following Telephonic Conference Re: Discovery; (2) Setting Further
10  Teleconference (April Order), Docket No. 50). In relevant part,

11      Without making a decision as to dispositive issues such as standing and
        sufficiency, the Court can determine under Rule 26(b) that the scope of
12      Plaintiff's request to inspect rooms without a roll-in shower is overbroad
        at this time as Plaintiff's ADA claim, as alleged in the complaint, centers
13      on the barriers encountered on her 2011 visit to the resort. Under Rule
        26(b), Plaintiff is entitled to discovery related to a parties' claim or
14      defense. However, the ADA claims presently contained in Plaintiff's
        complaint identify and concentrate on accessibility barriers only in guest
15      rooms with roll-in showers. Accordingly, Plaintiff's request for inspection
        of guest rooms without roll-in showers is DENIED at this time.
16
17  (April Order at 4).

18      On May 28, 2013, Plaintiff filed the instant motion to seek leave to file her
19  proposed First Amended Complaint (FAC). She seeks to (1) allege with greater
20  specificity the barriers that constitute the grounds for her claim in public areas and
21  accessible rooms with roll-in showers, and (2) allege claims regarding accessible rooms
22  without roll-in showers. (Mot. at 3-4). This is Plaintiff's first request to amend her
23  complaint.

24  **III. LEGAL STANDARD**

25      Once a defendant has answered, a plaintiff may only amend the complaint by
26  leave of court, or with the written consent of the adverse party. FED. R. CIV. P. 15(a).
27  Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely
28  given when justice so requires," and the Supreme Court has stated that "this mandate
   is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Where the underlying

1  facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he
2  ought to be afforded an opportunity to test his claim on the merits. *Id.* Leave should
3  be freely given in the absence of any apparent or declared reason, "such as undue delay,
4  bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the
5  opposing party. . . , futility of amendment, etc." *Id.*

6      The Ninth Circuit has held that, although Rule 15 should be interpreted with
7  "'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v.*
8  *Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*,
9  655 F.2d 977, 979 (9th Cir. 1981)). Prejudice to the opposing party is the most
10 important factor. *Id.* at 1387 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*,
11 401 U.S. 321, 330-31 (1971)).

12     The decision to grant leave to amend is "entrusted to the sound discretion of the
13 trial court." *Pisciotta v. Teledyne Indus.*, 91 F.3d 1326, 1331 (9th Cir. 1996). A
14 district court may, in its discretion, impose "reasonable conditions" on a grant of leave
15 to amend a complaint. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic*
16 *Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985). In doing so, it considers the factors
17 relevant to determining whether to grant leave to amend. *Id.*

18 **IV. DISCUSSION**

19     Plaintiff seeks to amend the complaint in two distinct ways. First, she seeks to
20 amend her complaint to include allegations regarding additional barriers in public areas
21 and accessible rooms with roll-in showers. These barriers are in addition to barriers
22 Plaintiff already identified in those areas in the Complaint. Second, Plaintiff seeks to
23 add claims regarding barriers found in accessible rooms that do not have roll-in
24 showers. As the analysis differs for each set of claims, they will be addressed
25 separately.

26     **A. Amendment to Include Additional Barriers in Public Areas and**
27         **Accessible Rooms With Roll-In Showers**

28     Plaintiff seeks to amend her complaint to include two expert reports containing

-4-

1  additional violations that Plaintiff's expert identified on the premises during the site
2  inspections. Plaintiff points to the Ninth Circuit's decision in *Oliver v. Ralphs Grocery*
3  *Company*, 654 F.3d 903, 908 (9th Cir. 2011), which requires a plaintiff who seeks
4  relief under Title III of the ADA to identify the barriers in the complaint, rather than
5  relying upon an expert report generated during discovery to confirm, identify, and
6  notice defendants of access barriers. A defendant is not deemed to have fair notice of
7  barriers identified elsewhere. *Id.* at 909. Plaintiff thus seeks leave to amend her
8  complaint to add the necessary detail.

9             **i. Undue Delay**

10             A lengthy delay in seeking leave to amend is not enough alone to support a
11  denial, but it is relevant to the determination. *Morongo Band of Mission Indians v.*
12  *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted). The complaint in this
13  matter was filed on May 23, 2012, and the Motion to Amend was filed May 28, 2013,
14  approximately one year later. Plaintiff claims that she postponed seeking leave to
15  amend while working with the Magistrate Judge in an effort to settle the case. (Mot.
16  at 7). Plaintiff states that she drafted the proposed FAC shortly after Defendants'
17  response to her first settlement demand made it clear the case would not settle. (*Id.*)

18             Plaintiff's first settlement demand was sent November 27, 2012. She has
19  therefore been aware of the additional barriers in at least some areas since that time.
20  Examination of the proposed amended complaint indicates that the second document
21  is dated May 5, 2013, although it not clear whether this is when Plaintiff first received
22  the information. Plaintiff became aware that she could not inspect rooms without roll-
23  in showers on April 30, 2013.

24             Although Plaintiff may have been delaying out of hope of a settlement, the Court
25  notes that Plaintiff was engaged in obtaining the information that she ultimately needed
26  in order to amend the Complaint, and was seeking additional information that she
27  wanted to add to her Complaint. Although Plaintiff has delayed here, such delay is not
28  serious under the circumstances, and not enough to support a denial. The Court takes

12cv1247

1   the delay into consideration alongside the other factors.

2        **ii. Bad Faith**

3      Plaintiff claims that she seeks to provide notice of the barriers in order to aid
4   negotiations, streamline discovery, and eliminate *Oliver* arguments. (Mot. at 6).
5   Defendants arguments on bad faith primarily rely on their contentions regarding
6   Plaintiff's undue delay in seeking to amend the Complaint. The Court notes that
7   Defendants also claim that Plaintiff sought leave to amend to circumvent the Magistrate
8   Judge's denial of her request to conduct inspections in accessible rooms without roll-in
9   showers. (Opp'n at 8). That order does not pertain directly to these claims, but the fact
10  that Plaintiff sought to amend her claim after being told that her current claims did not
11  allow her to pursue the relief she seeks is not enough to demonstrate bad faith to this
12  Court. There is also no reason for this Court to conclude that Plaintiff is asserting a
13  baseless legal theory to prolong litigation, or is making any misrepresentations. *See*
14  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999).

15      **iii. Prejudice to the Opposing Party**

16     Plaintiff argues that Defendants will not be prejudiced. Plaintiff contends that
17  the parties have conducted no discovery outside of the two site inspections, and that
18  Defendants have actual notice of all of the barriers that will be alleged in public areas
19  and in rooms with roll-in showers. (Mot. at 9). Defense counsel was present at all
20  inspections, Defendants have received two settlement demands detailing violations
21  which Plaintiff now seeks to add, and Defendants have already responded to Plaintiff's
22  first settlement demand. (*Id.*)

23     Plaintiff also claims that permitting the amendment will streamline discovery and
24  litigation by "illuminating the nature, scope, and location of the alleged access
25  barriers." (Mot. at 9). As Plaintiff herself argues, if the Complaint is not amended to
26  include the additional barriers, Plaintiff cannot seek injunctive relief as to those barriers
27  in this litigation. However, the Court notes that plaintiffs whose claims fail to survive
28  a motion to dismiss are frequently given leave to file an amended complaint.

1   Permitting amendment now may shorten litigation.

2        Defendants state that they are prejudiced by the additional expenses they will

3   have to incur. (Opp'n at 8-9). Defendants specifically point to the additional expenses

4   they will incur if Plaintiff is given leave to add claims regarding rooms without roll-in

5   showers. (*Id.*) Such expenses do not prejudice Defendants with regard to the claims

6   in public areas and rooms with roll-in showers. It is not clear that adding additional

7   violations in these areas will substantially burden Defendants.

8        Defendants also claim that the amendment is highly prejudicial to Defendants

9   because the report is lengthy, and contains many barriers that she may or may not

10  actually be claiming. This concern is valid, and is addressed below.

11              **iv. Futility**

12       Defendants argue that leave to amend should be denied because Plaintiff's

13  proposed new claims are futile. (Opp'n at 3).   In determining whether to grant a

14  motion for leave to amend, courts consider whether the claim a plaintiff seeks to assert

15  will be defeated at summary judgment. *Roth v. Garcia Marquez*, 942 F.2d 617, 628-29

16  (9th Cir. 1991).

17       Defendants claim that it would be futile for Plaintiff to amend her claims because

18  the expert reports allege many violations, including many that do not relate to

19  Plaintiff's disability. They point out that Plaintiff does not explain how her disability

20  was affected by them so as to deny her full and equal access.   (Opp'n at 3).

21  Defendants' contentions raise the question of what Plaintiff must demonstrate in order

22  to establish standing under the ADA, and what claims Plaintiff has standing to make.

23              **a. Standing Requirements**

24       Article III of the United States Constitution requires that a plaintiff establish

25  standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing

26  has three elements: 1) injury in fact, 2) causation, and 3) redressibility. *See id.* At issue

27  in this case is the requirement that a plaintiff suffer an injury in fact. To establish

28  standing for injunctive relief, including under the ADA, a plaintiff must also allege a

1   "real and immediate threat of repeated injury" in the future. *Chapman v. Pier 1 Imports*
2   *(U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

3          Under the ADA, when a disabled person encounters an accessibility barrier
4   violating its provisions, it is sufficient for standing that the barrier interfere with a
5   plaintiff's "full and equal enjoyment" of the facility. *Chapman*, 631 F.3d at 947 (citing
6   42 U.S.C. § 12182(a)). The barrier must affect the plaintiff's full and equal enjoyment
7   on account of his particular disability. *Id.*

8          Once a disabled plaintiff has encountered a barrier that violates the ADA, "that
9   plaintiff will have a personal stake in the outcome of the controversy, so long as his or
10  her suit is limited to barriers related to that person's particular disability." *Id.* at 947
11  (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). Therefore,
12  where an ADA plaintiff has Article III standing as a result of at least one barrier at a
13  place of public accommodation, he may permissibly challenge all barriers in that public
14  accommodation that are related to his or her specific disability. *Chapman*, 631 F.3d
15  at 951. The plaintiff has standing to seek an order requiring the removal of all barriers
16  at the public accommodation "that are related to his disability and that he is likely to
17  encounter on future visits." *Id.* at 951 (citing *Doran*, 524 F.3d at 1047). The disabled
18  individual need not personally encounter the barrier. *Id.* The injury suffered by the
19  plaintiff is the discrimination that results from the failure to remove architectural
20  barriers, and a plaintiff need not establish each barrier as a separate injury meeting
21  Article III requirements. *Id.* at 952.

22         However, a plaintiff cannot seek injunctive relief (1) where the barriers do not
23  affect that plaintiff's particular disability, (2) where the plaintiff is not reasonably likely
24  to encounter the barriers (e.g., areas off-limits to customers), or (3) where barriers are
25  in areas he is unlikely to enter (e.g., a restroom for the opposite gender). *See id.* at 953.
26  The plaintiff must also show that he is either deterred from returning, or that he intends
27  to return and is likely to suffer repeated injury. *Id.*
28  ///

### b. Plaintiff May Seek Relief for Certain Barriers She Did Not Experience

Plaintiff has standing to assert at least some claims against Defendants under the ADA. She makes allegations in her complaint regarding barriers that she personally experienced, and which affected her because she was a wheelchair user. (Proposed FAC ¶¶ 27-32). Plaintiff's intention to return to the Resort is supported by her ownership of a timeshare. (Compl. ¶ 4). Defendants nowhere dispute that Plaintiff has standing to assert at least one claim.

As she has standing to assert at least some claims, she may raise other claims related to her disability. This Court concludes that amendment would not be futile as to additional barriers that Plaintiff has identified which relate to her disability and which are not located in areas where Plaintiff is not reasonably likely to encounter them, or where she is otherwise unlikely to enter. *See Chapman*, 631 F.3d at 952.

### c. Plaintiff's Expert Reports are Overinclusive

Defendants argue that the expert reports in the proposed FAC discuss alleged violations that do not relate to her disability (e.g., signs for the blind), or which are located in places Plaintiff is unlikely to go (e.g., men's bathroom). (Opp'n at 4). Plaintiff concedes that she may not raise claims unrelated to her disability. (Reply at 6). The Court notes that Plaintiff has agreed to redact her proposed attachments to remove items that are not relevant to Plaintiff or her proposed disability. (*Id.*).

Plaintiff may not merely attach a report containing many alleged violations, including some for which she concedes that she cannot seek relief, and force Defendants to guess which she claims to have standing to assert. The Federal Rules of Civil Procedure require a Plaintiff to submit "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A complaint violates Rule 8 where it contains a significant amount of irrelevant or slightly relevant material, and defendants will be required to conduct discovery and file motions to figure out what the plaintiff is claiming. *See McHenry v. Renne*, 84 F.3d 1172, 1178

1   (9th Cir. 1996); *Silvas v. GMAC Mortg., LLC*, No. cv-09-265, 2009 WL 1098462, at

2   *3 (D. Ariz. Apr. 23, 2009) (dismissing complaint for, among other problems, being

3   overbroad and failing to present necessary facts in an understandable context).

4          The Ninth Circuit has held that Rule 8 requires a plaintiff to identify the barriers

5   that constitute the grounds for a claim of ADA discrimination in the complaint. *Oliver*,

6   654 F.3d at 909.  In refusing to allow an ADA plaintiff to rely upon expert reports

7   generated during discovery, the Ninth Circuit expressed concern with forcing

8   defendants to guess which barriers were grounds for the claim. *Id.*  It would not serve

9   the purposes of fair notice to the defense to force a plaintiff to allege all barriers in the

10  complaint if the complaint is permitted to be as confusing as the expert reports.

11               **v. Conclusion**

12         Plaintiff is therefore given leave to amend the Complaint to include additional

13  barriers found in public areas and accessible rooms with roll-in showers, but Plaintiff

14  cannot simply reference the overbroad expert reports.  Plaintiff must specifically and

15  clearly identify which additional barriers she claims she may assert under the ADA.

16       **B. New Claims with Regard to Rooms Without Roll-In Showers**

17         Plaintiff also seeks permission to add claims regarding rooms which do not have

18  the roll-in showers.  Plaintiff used such rooms in 2008 and 2009.  (Proposed FAC ¶¶

19  17, 18, 22, 23, 35, 36).  As the Magistrate Judge stated, and as the parties do not

20  dispute, any claims arising directly from her past encounters with these barriers are

21  time-barred because they are more than two years old. (April Order; Opp'n at 5).

22               **i. Undue Delay**

23         The Court notes that there is greater delay in seeking this amendment.  Plaintiff

24  was aware of her past difficulties in rooms without roll-in showers before she filed her

25  lawsuit, and does not claim that there has been any relevant development affecting her

26  ability to bring these claims.  Plaintiff could have brought these claims when she filed

27  her complaint in May 2012, a full year before seeking leave of court to amend.

28  However, the Court also notes that Plaintiff became aware that the Magistrate Judge

1 | would not order inspections in rooms without roll-in showers in April 20, 2013. The
2 | delay for this amendment is more substantial, but it is not egregious. The Court took
3 | the delay into consideration in weighing all the relevant factors.

4 |            **ii. Bad Faith**

5 |        Defendants accuse Plaintiff of seeking to delay litigation and evade a court order.
6 | Plaintiff sought to amend her complaint after it became clear that she could not seek
7 | the relief she sought because of the limits of her original complaint. This is insufficient
8 | to show bad faith. There is no other persuasive evidence of bad faith.

9 |            **iii. Prejudice**

10 |        The assertion of claims for rooms without roll-in showers has greater potential
11 | to prejudice Defendants. It expands the scope of the litigation to new areas of the
12 | Resort, and will allow Plaintiff to conduct discovery that has been expressly denied by
13 | the Magistrate Judge. (Docket No. 50).

14 |        This will generate additional costs for Defendants that they would not otherwise
15 | incur. Defendants correctly point out that Plaintiff conceded that coordinating the
16 | inspections took months and each inspection took multiple days. (Mot. at 8). The
17 | addition of a new category of claims would not streamline discovery, but would add
18 | new subjects, as demonstrated by the additional site inspections Plaintiff seeks to
19 | conduct. Unlike the amendments regarding public areas and rooms with roll-in
20 | showers, Plaintiff has not conducted inspections in the presence of defense counsel, or
21 | made detailed settlement requests. Plaintiffs are therefore not already on notice of
22 | barriers that Plaintiff might find.

23 |        However, the Court notes that there has been limited discovery to date, and that
24 | there is no indication that any of Defendants' past efforts to handle this case will be
25 | wasted. Plaintiff contends that it would harm Plaintiff and waste resources to disallow
26 | the amendment. (Mot. at 10). Plaintiff contends that if she is not allowed to allege
27 | barriers in rooms without roll-in showers at this time, she will only be forced to file
28 | another lawsuit in the future when she encounters those barriers. (*Id.*) The Ninth

1   Circuit has found that it "makes no sense to require a disabled plaintiff to challenge,
2   in separate cases, multiple barriers in the same facility, controlled by the same entity,
3   all related to the plaintiff's specific disability." *Doran*, 524 F.3d at 1047. If Plaintiff's
4   amendment is not futile, considering all matters now could serve judicial economy.

5             **iv. Futility**

6             Defendants claim that Plaintiff's new claims are futile because Plaintiff lacks
7   standing to assert ADA claims for rooms without roll-in showers.

8             As discussed in the prior section, Plaintiff has already established standing to
9   assert claims in other parts of the Resort, allowing her to seek an injunction for other
10  barriers on the premises, even if she did not personally experience them.  However,
11  Plaintiff cannot obtain an injunction where the barriers do not affect her particular
12  disability, where she is not reasonably likely to encounter the barriers, or where the
13  barriers are in areas she is unlikely to enter. *See Chapman*, 631 F.3d at 953.

14            Defendants contend that Plaintiff lacks standing to assert these claims because
15  she would only encounter barriers in a room without a roll-in shower if she a) fails to
16  book in a timely manner, and b) voluntarily chooses to go despite the risk to her safety.
17  (Opp'n at 6).

18            Plaintiff will only be guaranteed such a room if she books fifteen months ahead
19  of time, with schedule flexibility.  This is a significant burden to impose upon an
20  accessible guest.  To be clear, this Court is not finding that the policy itself is a
21  violation of the ADA. That question is not before this Court at present.  However, the
22  existence of a burdensome policy that would allow Plaintiff to obtain a more desirable
23  accessible room instead of a less desired accessible room does not allow Defendants
24  to state that there is no real and immediate threat of injury in the future.

25            Although Plaintiff cannot assert claims based directly on time-barred
26  experiences, the Ninth Circuit has found that although past wrongs are not enough to
27  demonstrate such a "real and imminent threat" to establish standing, they are evidence
28  of whether such a threat exists. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075,

1   1081 (9th Cir. 2004). Plaintiff's past experiences are evidence that she may have to

2   accept a room without a roll-in shower in the future, or risk not being able to go to the

3   Resort. *Even if the policy is entirely proper*, Plaintiff's past experiences suffice to

4   demonstrate that there is a "real and immediate threat" that she may need to stay in an

5   accessible room without a roll-in shower because she has needed to do so twice in the

6   past, and there is no guarantee she can have another kind of room without taking

7   extraordinary steps.

8          The Court notes that Defendants raise several arguments defending their policy

9   regarding accessible rooms. Plaintiff stated claims about the policy in her initial

10  complaint. The Court will not consider the merits of already-pled claims when

11  deciding a Motion to Amend.

12         Defendants also claim that she would only have a room without a roll-in shower

13  if she voluntarily decides to jeopardize her safety. However, the rooms in question are

14  allegedly designated as wheelchair-accessible.[1] (*See, e.g.*, Proposed FAC ¶¶ 17, 18;

15  Mot. at 3). Defendants may well be able to claim that the lack of roll-in showers in

16  those rooms is not an ADA violation; the Court does not express any opinion on this

17  matter. However, Plaintiff asserts a number of violations related to the accessible

18  rooms without roll-in showers, which are unrelated to the bathing facilities. (Proposed

19  FAC ¶ 18). Although Plaintiff would be choosing a room which may subject her to

20  discomfort, or require her to decide whether to take on certain safety risks because it

21  lacks a particular feature, the room is still allegedly designated as suited for wheelchair

22  users. A place which is labeled accessible is not a place that a wheelchair user is not

23  reasonably likely to go, or an area she is unlikely to enter, even if it may pose

24  challenges. Plaintiff's proposed amendment regarding violations in accessible rooms

25  without roll-in showers would not be futile.

26

27         [1]Although the word "accessible" is sometimes used by Plaintiff to refer
    specifically to the rooms with roll-in showers, it appears from the proposed complaint
28  and the briefing that Plaintiff is seeking to add claims regarding rooms which are
    designated accessible, but which do not contain roll-in showers.

**v. Conclusion**

After full consideration of Plaintiff's delay in seeking the amendment, the prejudice to Defendants, and Defendants' arguments regarding bad faith and futility, the Court concludes that Plaintiff is to be given leave to file an amended complaint to add allegations regarding accessible rooms without roll-in showers.

**V. ORDER**

Given this Court's decision, Plaintiff is given leave to file an amended complaint. As the First Amended Complaint proposed by Plaintiff includes material that this Court has not given her leave to include, it is not to be filed in its current form. Plaintiff is therefore given leave to file an amended complaint **no later than 30 days from the date this order is signed**.

This Court requests that both parties make an effort to be clear in indicating whether a particular reference to an "accessible room" refers to a designated accessible room, or to a designated accessible room with a roll-in shower. Plaintiff is also requested to check the numbering of paragraphs.

**IT IS SO ORDERED.**

Dated: November 25, 2013

HON. ROGER T. BENITEZ
United States District Judge