FILED

14 JAN 31 AM 9:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS                          DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE RAPP,<br><br>                       Plaintiff,<br><br>vs.<br><br>LAWRENCE WELK RESORT, the d/b/a/ of WELK RESORT GROUP, INC.; WELK RESORT PROPERTIES, INC.; WELK HOSPITALITY MANAGEMENT, INC.; WELK RESORTS PLATINUM OWNERS ASSOCIATION, INC.; and THE VILLAS AT THE WELK RESORT VACATION OWNERS ASSOCIATION, INC.,<br><br>                      Defendants. | CASE NO. 12-CV-1247-BEN (WMC)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO STRIKE**<br><br>**(2) GRANTING IN PART MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[Docket Nos. 67, 68] |

      Before this Court is Defendants' Motion to Strike the First Amended Complaint (Docket No. 68) and Plaintiff Julie Rapp's Motion Seeking Leave to File Second Amended Complaint (Docket No. 67). After full consideration of the briefing and the record in this matter, this Court **DENIES** the Motion to Strike and **GRANTS IN PART** the Motion Seeking Leave to File the Second Amended Complaint.

## BACKGROUND

      Plaintiff suffered a stroke in 1997 which paralyzed the left side of her body.

(Compl. ¶ 4). Plaintiff cannot independently stand or walk, and requires a walker or wheelchair for mobility. (*Id.*) Around 2008, Plaintiff and her husband purchased a timeshare at the Lawrence Welk Resort in Escondido, CA (Resort). (*Id.*) Plaintiff claims she was assured when she bought the membership that she would be given accessible rooms to accommodate her disability-related needs. (*Id.*) Plaintiff claims that she has been given rooms that are designated as wheelchair accessible, but which have access barriers. (*Id.* ¶ 5). She also claims to have encountered barriers in public areas on the Resort grounds. (*Id.* ¶ 5). Plaintiff asserts that she was informed that all rooms, including the wheelchair-accessible rooms, were reserved and assigned on a "first come, first served basis." (*Id.* ¶ 22). Plaintiff claims that the Resort failed to modify its policies and practices to ensure Plaintiff was not denied an accessible guestroom based on "first come, first served policies," and the Resort required her to pay extra money to upgrade her membership to be guaranteed an accessible room. (*Id.* ¶ 29).

On May 23, 2012, Plaintiff filed a lawsuit against Defendants pursuant to Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and various California civil rights statutes. (Docket No. 1). Plaintiff alleged that Defendants, who are owners, operators, lessors, and lessees of the Resort, violated the statutes by (1) constructing or failing to remove architectural barriers to accessibility in the Resort, and (2) imposing and failing to modify discriminatory policies on how the accessible guest rooms are assigned to timeshare members. (*Id.*) Plaintiff sought injunctive relief under the ADA, as well as damages, attorney's fees, and litigation costs pursuant to the California civil rights statutes. (*Id.* at 26-27).

On November 25, 2013, this Court granted Plaintiff leave to file a First Amended Complaint (FAC) in order to (1) allege with greater specificity the barriers that constitute the grounds for her claim in public areas and accessible rooms with roll-in showers, and (2) allege claims regarding accessible rooms without roll-in showers. However, the Court ruled that Plaintiff could not file the version of the amended

1 complaint proposed in her motion to amend because it included expert reports which
2 included violations that Plaintiff concededly had no standing to assert. (November 25
3 Order at 9-10). Instead, Plaintiff had to "specifically and clearly identify which
4 additional barriers she claims she may assert under the ADA." (*Id.*)

5 Plaintiff filed the FAC on December 13, 2013. (Docket No. 66). She applied
6 for leave to file a Second Amended Complaint (SAC) the same day. (Docket No. 67).
7 Defendants filed a Motion to Strike the FAC on December 27, 2013. (Docket No. 68).
8 Defendants filed an opposition to Plaintiff's motion on January 16, 2014, asserting that
9 the same problems which they alleged existed in the FAC also existed in the proposed
10 SAC. (Docket No. 69).

11 Defendants' arguments in favor of striking the FAC and against permitting the
12 filing of the proposed SAC center on Plaintiff's inclusion of two modified expert
13 reports in her pleading. The pleadings state that Exhibit A contains a comprehensive
14 list of barriers in wheelchair-accessible guest room with roll-in showers, and is
15 incorporated by reference. (FAC ¶ 33; SAC ¶ 33). Plaintiff specifically states that the
16 barriers are directly related to her disabilities, and that she seeks and is entitled to
17 injunctive relief with respect to these barriers. (FAC ¶ 33; SAC ¶ 33). Exhibit A
18 consists of a chart which has column headings for the feature, the "location/memo," the
19 required condition, the actual condition, the federal citation, and the California citation.
20 The pleadings state that Exhibit B lists barriers throughout the Resort which exclude
21 and deter Plaintiff and other individuals with mobility disabilities from full and equal
22 access to the Resort. (FAC ¶ 34; SAC ¶ 43). The pleadings incorporate Exhibit B by
23 reference. (FAC ¶ 34; SAC ¶ 43). They assert that these barriers are directly related
24 to Plaintiff's disabilities and that Plaintiff seeks and is entitled to injunctive relief with
25 respect to these barriers. (FAC ¶ 34; SAC ¶ 43). Exhibit B contains paragraphs for
26 each violation, organized by different sections of the resort. Each violation is
27 numbered, and the text states why the violation is not accessible. The text also cites
28 to the relevant federal and state provisions.

# MOTION TO STRIKE

## I. Legal Standard

Rule 12(f) allows a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted). Motions to strike are generally disfavored "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

## II. Discussion

### A. Failure to Plead the Barriers "In the Complaint"

Defendants argue that Plaintiff has not complied with this Court's order that Plaintiff "specifically and clearly" identify the barriers at issue in the operative compliant. (Mot. to Strike at 2). Defendants argue that Plaintiff simply referenced the reports and attached them to the FAC, and did not plead the barriers at issue in the FAC. This Court sees no reason why a plaintiff must include the details in the body of the complaint, rather than providing a proper exhibit. Placement of the list of barriers in an exhibit is not necessarily confusing, and the information is clearly incorporated into the pleading by reference. Indeed, given that ADA cases often involve a large number of violations, permitting a plaintiff to organize and state the claims in the form of an exhibit may permit the Plaintiff to more clearly state her claim and make it easier for Defendants to understand the violations alleged.

This Court rejected Plaintiff's initial proposed FAC because the original version of the expert reports included barriers for which Plaintiff could not seek relief, and Defendants were forced to guess which barriers Plaintiff sought to assert. By contrast, Plaintiff clearly seeks relief for all of the barriers included in the exhibits to the FAC.

Examination of the body of the complaint and the exhibits indicates that the FAC is not impermissibly confusing because the barriers are presented in exhibits.

### B. Readability and Length

Defendants complain that the reports allege hundreds of violations in tiny font. This Court has reviewed the exhibits. It is apparent that Exhibit A, and perhaps Exhibit B, are in a font size smaller than that required by the local rules. Plaintiff is cautioned that she must comply with local rules regarding formatting, including font size.

Plaintiff does allege a large number of violations. However, it is not improper to allege many violations if Plaintiff has a good faith belief that many violations have actually taken place.

### C. Undue Burden

Defendants once again oppose the new claims on the ground that their inclusion will unduly burden Defendants. Defendants had an opportunity to raise, and did raise, arguments regarding the undue burden in opposing Plaintiff's motion to amend to add these claims. This Court considered those arguments, and granted Plaintiff leave to amend.

### D. New Arguments in the Reply Brief

In their reply brief, Defendants appear to raise new arguments as to why the attached expert reports are confusing and violate this Court's November 25 Order. A "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). However, Defendants' new arguments also fail on their merits.

*i. Failure to Specify Which Violations Were Encountered, Which Deprived Her of Full Access, and Which Deterred her From Visiting*

Defendants argue that Plaintiff leaves the Court and Defendants to guess which violations she encountered, which deprived her of full or equal access due to her disability, and which deterred her from visiting the Resort. (Reply at 1). It is true that Plaintiff does not state whether she personally encountered each violation, or if it

1  deterred her.

2  However, Defendants fail to cite any authority supporting a need to do so. Defendants cite to *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011), where the Ninth Circuit noted the plaintiff's failure to identify how any of the alleged violations threatened to deprive him of full and equal access due to his disability, or how any deterred him from visiting. (Reply at 1-2). The quotation cited by Defendants pertained to the Ninth Circuit's finding that Plaintiff did not establish Article III standing because he never stated what barriers he encountered that denied him full and equal access or how his disability was affected. 631 F.3d at 954-55. However, *Chapman* clarified that when an ADA plaintiff *has* established standing as to encountered barriers, he may also sue for injunctive relief as to unencountered barriers related to his disability. 631 F.3d at 944. This Court has already concluded that Plaintiff has standing to assert claims, and may therefore allege unencountered barriers related to her disability. (November 25 Order). Plaintiff makes sufficient allegations regarding barriers that she did encounter, and has alleged that the barriers listed in the exhibits relate to her disability.

### *ii. Failure to Specify Injunctive Relief Sought*

Defendants also now contend that the exhibits are confusing because it is unclear exactly what injunctive relief Plaintiff is seeking. (Reply at 2). Defendants argue that injunctive relief must be more specific that simply commanding defendants to obey the law, and point out that an injunction must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." (Reply at 2 (citing *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001))). Defendants contend that Plaintiff's request for injunctive relief is not specific enough.

Defendants cite to *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 635 (6th Cir. 1998). Although the *Cassidy* court stated that a request for an allergen-free workplace was too vague to inform the defendant of a reasonable accommodation, it did not hold that her pleading was too vague to permit injunctive relief. *Id.* Instead, it concluded

that because plaintiff did not inform defendant of a reasonable accommodation, the plaintiff failed to raise a genuine issue of material fact as to the defendant's assertion that no allergen-free workplace existed for the plaintiff at the company. *Id.* Defendants also cite to *U.S. v. WHPC-DWR, LLC*, 491 Fed. App'x 733, 737 (7th Cir. 2012), for the general proposition that "a request for accommodation must be specific enough to apprise the other party of the relief sought." Review of the FAC reveals that Plaintiff is sufficiently specific in her request for relief. Plaintiff states that she seeks an injunction which, in relevant part, orders Defendants "to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities." (FAC at 21). Plaintiff clearly states that she seeks injunctive relief for the violations listed in the two exhibits. (FAC ¶¶ 33, 34). It is true that Plaintiff does not specify exactly how she wants Defendants to come into compliance on each alleged barrier. However, Plaintiff does not simply seek an injunction requiring Defendants to comply with the ADA. Plaintiff identifies the exact violations she seeks to remedy and states exactly how the feature violates the ADA. Any greater specificity would require Plaintiff and this Court to micro-manage Defendants' efforts to comply with any injunctive relief issued by this Court, and deprive Defendants of any flexibility in deciding how to comply with the ADA. Plaintiff's request for injunctive relief is specific enough to apprise Defendants of the relief that she seeks.

## MOTION TO FILE SECOND AMENDED COMPLAINT

Defendants oppose Plaintiff's Motion Seeking Leave to File the Second Amended Complaint based upon "the same reasons explained in Defendants' motion to strike Plaintiff's FAC." (Opp. to Mot. to Amend at 1). Defendants state that they do not oppose the SAC's inclusion of facts regarding Plaintiff's visit to the Resort in November 2013. (*Id.*) As this Court has rejected Defendants' arguments regarding the inclusion of the expert reports in the FAC, the motion to amend is **GRANTED**. The Court has reviewed the proposed SAC, and none of proposed changes alter the analysis set forth above regarding the propriety of the expert reports.

However, Plaintiff is cautioned that this Court is extremely unlikely to allow further efforts to amend her complaint. This case was commenced nearly a year and half ago, and this Court has a strong interest in the expeditious resolution of litigation.

## CONCLUSION

The Motion to Strike is **DENIED**. Plaintiff's Motion Seeking Leave to File Second Amended Complaint is **GRANTED IN PART**. Plaintiff is granted leave to file the proposed Second Amended Complaint after Plaintiff alters the exhibits to comply with local rules regarding formatting, including font size.

**IT IS SO ORDERED.**

Dated: \_\_\_1/30\_\_\_\_\_, 2014

HON. ROGER T. BENITEZ
United States District Judge